Dear Mayor Roach:
You have requested an opinion from this Office related to the powers that the City of Lake Charles ("the City") has to defray certain expenses involved in various public works projects through the levying of special assessments. More specifically, you have asked if, under La.R.S. 33:3301, et seq., La.R.S. 33:3822, et seq., and La.R.S. 33:3981, et seq., the City would be able to include in local or special assessments for public works projects the costs of property acquisition for such projects under the theory that such expenses are "other expenses" that are "incidental to the cost" of those projects.
Although the concepts of "other expenses" and "incidental to the cost" are noted in all of the above-cited statutes, no definition for what is to be included in the meaning of those phrases exists. We can also find no guidance on the definition of these phrases in the Louisiana jurisprudence or in the previous opinions of this Office.
It is important to point out that the laws cited above are the proper statutory provisions that provide municipalities and parishes with the authority to levy local or special assessments to defray the costs of various public works projects. There is little doubt that the property needed upon which to construct the public works envisioned by the above-noted statutes is essential to such projects. Thus, it is the opinion of this Office that the purchase of such property is not properly considered an "incidental cost" of the public works projects.[1] Such property is a fundamental aspect of the public works projects.
Because we are of the opinion that the acquisition of the property necessary for the public works outlined in La.R.S. 33:3301, etseq., La.R.S. 33:3822, et seq., *Page 2 
and La.R.S. 33:3981, et seq., is not to be considered as incidental to such projects, but rather should be considered as integral to the projects, we do not believe that a determination of whether these expenses are permitted under those statutes is necessary. It is the opinion of this Office that the costs of purchasing the property necessary for public works projects, because such costs are integral to the projects, should be considered as part of the "total cost" of the projects and are thus properly taxable by the local or special assessments permitted by the statutes noted above.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
[1] We base this opinion on the definition of "incidental", which refers to something that is "a minor accompaniment." Catherine Soanes Angus Stevenson (eds.), CONCISE OXFORD ENGLISH DICTIONARY, 11th ed. at 719 (Oxford 2006). The property necessary to construct public works projects can hardly be considered "a minor accompaniment" to such works.